**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

SEAN CHRISTOPHER THOMAS,

Plaintiff,

v.

JEFF EVANS, et al.,

Defendants.

CIVIL ACTION NO.: 2:26-cv-16

---

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

SEAN CHRISTOPHER THOMAS,

Plaintiff,

v.

JEFF EVANS, et al.,

Defendants.

CIVIL ACTION NO.: 2:26-cv-21

**O R D E R**

These matters are before the Court on Plaintiff's Complaints in the above-captioned cases. After review, Plaintiff's allegations in his Complaints are duplicative of each other. Thus, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 2:26-cv-21 upon the record and docket of Civil Action Number 2:26-cv-16; **CONSOLIDATE** Civil Action Numbers 2:26-cv-16 and 2:26-cv-21; and **CLOSE** Civil Action Number 2:26-cv-21

and enter the appropriate judgment of dismissal in Civil Action Number 2:26-cv-21.[1] The Court **GRANTS** Plaintiff's Motion to Amend in Civil Action Number 2:26-cv-16 and **DIRECTS** the Clerk of Court to update the docket to reflect this correction. Doc. 7.

## DISCUSSION

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973); see also Devlin v. Transp. Communs. Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (explaining courts can sua sponte consolidate cases under Rule 42(a)). In exercising this discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

A review of Plaintiff's two Complaints reveals he is challenging the same events occurring in Appling County, Georgia. The resolution of the allegations in both Complaints will

---

[1] The Clerk of Court should prepare this judgment for the Honorable Lisa Godbey Wood's signature, as she is the presiding judge in Civil Action 2:26-cv-21.

require application of common factual and legal questions. In light of the facts presented and the factors set forth in Hendrix, the Complaints in these two causes of action should be considered together to ensure consistent rulings.

## CONCLUSION

For the above-stated reasons, the Court **DIRECTS** the Clerk of Court to: **FILE** all pleadings docketed in Civil Action Number 2:26-cv-21 upon the record and docket of Civil Action Number 2:26-cv-16; **CONSOLIDATE** Civil Action Numbers 2:26-cv-16 and 2:26-cv-21; and **CLOSE** Civil Action Number 2:26-cv-21 and enter the appropriate judgment of dismissal in Civil Action Number 2:26-cv-21. The Court **GRANTS** Plaintiff's Motion to Amend in Civil Action Number 2:26-cv-16 and **DIRECTS** the Clerk of Court to update the docket to reflect this correction. Doc. 7.

**SO ORDERED**, this 13th day of March, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA